# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JOSEPH GAINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01573 |
| ) | CHIEF JUDGE CRENSHAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and his brief in support (Doc. Nos. 1, 10); the Government's response (Doc. No. 11); the Petitioner's reply (Doc. No. 12); and the Petitioner's supplemental brief (Doc. No. 13). As explained below, the Court will deny Petitioner's § 2255 Motion because he validly waived the right to collaterally attack his sentence in his plea agreement.

I.  Background

In criminal case number 3:09-cr-00244-8, Petitioner was charged with numerous crimes. (Case No. 3:09-cr-00244-8, Doc. Nos. 245, 498.) On January 5, 2011, pursuant to a Rule 11(c)(1)(B) Plea Agreement, Petitioner pleaded guilty to two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Counts 7 and 58), and one count of conspiracy to use and carry firearms in violent felonies, to wit, the conspiracy to commit murders, in violation of 18 U.S.C. § 924(o) (Count 9). (Case No. 3:09-cr-00244-8, Doc. No. 498.) Petitioner's Rule 11(c)(1)(B) Plea Agreement recited a factual basis for his guilty plea, stated that there was no disagreement as to the statutory maximum imprisonment sentences for each count, set forth agreed-upon, recommended Sentenced Guidelines offense level calculations, and set forth

the terms of Petitioner's anticipated cooperation and a potential U.S.S.G. § 5K1.1 motion by the Government for a departure below the Guidelines range. (Id.)

The Plea Agreement also contains a detailed waiver of appellate and post-conviction rights that provides, among other things, that Petitioner "knowingly waive[d] the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with the defendant's criminal history category as determined by the Court. The defendant also knowingly waive[d] the right to challenge the sentence imposed in any collateral attack, *including but not limited to a motion brought pursuant to 28 U.S.C. § 2255* and/or § 2241, and/or 18 U.S.C. § 3582(c)." (Id. at 15 (emphasis added).) Petitioner certified that he had read the Plea Agreement, carefully reviewed every part of it with his attorney, understood it, and voluntarily agreed to it. (Id. at 17.) Furthermore, Petitioner's counsel certified that he had discussed the Plea Agreement with Petitioner and that he believed Petitioner's decision to sign the Plea Agreement was informed and voluntary. (Id.)

At the plea hearing, now-retired District Judge Todd Campbell conducted a lengthy colloquy with Petitioner. (Case No. 3:09-cr-00244-8, Doc. No. 652.) Judge Campbell discussed the waiver of appellate rights and specifically advised Petitioner that he was waiving his "right to appeal any sentence that's within or below the guideline range associated with the recommended offense level." (Id. at 22.) He also advised Petitioner that he could not collaterally attack his sentence through "the filing of a separate case." (Id.) Petitioner responded that he understood the waiver and had no questions. (Id.) On June 18, 2012, Petitioner was sentenced to 180 months of imprisonment on Count 9, and 120 months of imprisonment on Counts 7 and 58, all to run concurrently. (Case No. 3:09-cr-00244-8, Doc. No. 896.) This was a very large downward

departure from Petitioner's calculated Guidelines range based upon Petitioner's cooperation in the case. Petitioner did not appeal his conviction or sentence.

Petitioner filed this § 2255 Motion pro se on June 30, 2016. (Doc. No. 1.) The Court appointed counsel and ordered briefing. This matter was subsequently transferred to the undersigned.

II. Analysis

Petitioner's § 2255 Motion seeks relief on the ground that his § 924(o) offense (conspiracy to use and carry firearms in violent felonies), which Petitioner claims increased his sentence by five years, was premised on a "crime of violence" (conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5)) that can no longer be considered so in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015) and its progeny. (Doc. No. 1 at 2.) While Johnson's holding is directed at the residual clause of 18 U.S.C. § 924(c), Petitioner contends that, because a defendant commits an offense under § 924(o) by "conspir[ing] to commit an offense under subsection (c)," the arguments in favor of Johnson's application to claims under § 924(c) apply equally to Petitioner's § 2255 claim under § 924(o). (Id. at 3.)

A. Waiver

It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Furthermore, the Court of Appeals for the Sixth Circuit has consistently held that plea agreement waivers of § 2255 rights are enforceable. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Cox v. United States, 695 F. App'x 851, 853 (6th Cir. 2017). The court recently reiterated its "previous holdings that a Johnson-based collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of 'any right, even a constitutional right, by means of a plea agreement.'" Slusser v. United States, -

-- F.3d ---, No. 17-5070, 2018 WL 3359112, at *2 (6th Cir. July 10, 2018) (quoting Cox, 695 F. App'x at 853); see also United States v. Morrison, 852 F.3d 488, 490-91 (6th Cir. 2017) ("[A]fter the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)); Cox, 695 F. App'x at 853 (enforcing waiver even though "Cox may not have known at the time of his plea that the Supreme Court would change the law in the way it did in Johnson"); In re Garner, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive § 2255 petition raising a Johnson-based challenge to the analogous provision in the U.S.S.G. because petitioner had waived his right to pursue such a § 2255 claim in his plea agreement). As the court explained, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" Slusser, 2018 WL 3359112, at *2 (quoting Morrison, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." Morrison, 852 F.3d at 490 (citing Bradley, 400 F.3d at 464). "The subsequent developments in this area of the law 'do[ ] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature.'" Slusser, 2018 WL 3359112, at *2 (quoting Bradley, 400 F.3d at 463).[1]

Petitioner does not challenge that his Plea Agreement, including his waiver of his right to collaterally attack his conviction under § 2255, was entered into knowingly and voluntarily.

---

[1] Petitioner cites United States v. McBride, 826 F.3d 293 (6th Cir. 2016), in an effort to escape his waiver. However, the Sixth Circuit expressly rejected using McBride to "circumvent [a] waiver's preclusive effect" in Morrison, 852 F.3d at 491, on the basis that "the McBride plea agreement did not include an appeal waiver; McBride simply agreed that he qualified as a career offender." Id. The Court contrasted that situation with that of Morrison, who signed a plea agreement *with* a waiver and therefore "could and did intentionally relinquish his right to appeal [based on Johnson]." Id.

Although Petitioner may not have known of the future Johnson jurisprudence at the time of his plea, he knew that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and he knowingly chose to waive his right to seek § 2255 relief except on very limited bases not at issue here. The Court, therefore, will enforce Petitioner's waiver and will not reach the merits of Petitioner's § 2255 Motion.

    B. Certificate of Appealability

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Petitioner has not satisfied this standard and thus a certificate of appealability will be denied.

III.    Conclusion

For the reasons discussed above, Petitioner's § 2255 motion (Doc. No. 1) will be **DISMISSED WITH PREJUDICE**. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be **DENIED**. 28 U.S.C. § 2253(c).

An appropriate order will enter.

                                               _____
                                               WAVERLY D. CRENSHAW, JR.
                                               CHIEF UNITED STATES DISTRICT JUDGE